**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KESHIA EHIZE-OMORAGBON,<br><br>                  Plaintiff,<br><br>        - v -<br><br>OZONE ACQUISITION, LLC d/b/a CENTRAL ISLAND HEALTHCARE,<br><br>                  Defendant. | Civil Action No.: 22-cv-5326<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

       Plaintiff Keshia Ehize-Omoragbon ("Ehize"), by and through her undersigned attorney, brings this Complaint against Defendant Ozone Acquisition, LLC d/b/a Central Island Healthcare ("Ozone Acquisition"), and alleges as follows:

## PRELIMINARY STATEMENT

       1.     This is an action for pregnancy discrimination, disability discrimination, and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq. as well as whistleblower retaliation in violation of New York Labor Law ("NYLL") § 740.

## JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

       2.     The Court has original jurisdiction over Ehize's federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

       3.     The Court has supplemental jurisdiction over Ehize's state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

5. All conditions precedent to filing the instant action have been fulfilled. On or about February 14, 2022, Ehize submitted a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about August 19, 2022, the EEOC issued Ehize a Notice of Right to Sue, and this action is being brought within 90 days of Ehize's receipt of the Notice of Right to Sue.

6. Within 10 days of the commencement of this action, Ehize will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to the New York City Administrative Code § 8-502(c).

## PARTIES

7. Plaintiff Ehize is and was at all relevant times a resident of Queens County, New York, and former staffing coordinator of Ozone Acquisition.

8. At all relevant times, Ehize was an "employee" of Defendant under all relevant statutes.

9. Ozone Acquisition was and is a domestic limited liability company registered in New York and permitted to do business in New York.

10. Ozone Acquisition employed more than 14 employees during 2021 and 2022.

11. Ozone Acquisition conducted business at 825 Old Country Road, Plainview, NY 11803, where it employed Ehize as well as over 100 other employees.

12. At all relevant times, Defendant was Ehize's "employer" under all relevant statutes.

## FACTUAL BACKGROUND

**I.     Ehize is Hired by Ozone Acquisition and Excels in Her Role**

13.     Ehize received a degree in Business Administration from Nassau Community College in 2015.

14.     Ehize possessed over three years of staffing coordinator experience before joining Ozone Acquisition.

15.     On or about October 20, 2021, Ozone Acquisition hired Ehize as staffing coordinator in its nursing department.

16.     Ehize succeeded in this role and received positive feedback based on her performance through the end of 2021.

**II.    Ehize is Diagnosed with COVID-19 While Pregnant**

17.     Ehize became pregnant in or around December 2021.

18.     On or about December 29, 2021, Ehize was admitted to the emergency room and tested positive for COVID-19.

19.     Ehize informed Ozone Acquisition of her admittance to the emergency room on December 29, 2021.

20.     Ehize forwarded Ozone Acquisition an "excuse from work" form she received from her doctor on December 30, 2021.

21.     On January 3, 2022, Ehize forwarded her positive COVID-19 test result and related details to Ozone Acquisition by email.

22.     Ehize also forwarded Ozone Acquisition her patient discharge form, which included instructions for Ehize to schedule appointment with an OBSGYN Human Reproduction doctor and gynecologist.

23. The patient discharge form included information regarding Ehize's recent pregnancy.

24. Before sending the hospital discharge paperwork, Ehize had not disclosed to Ozone Acquisition that she was pregnant.

25. Before receiving the hospital discharge paperwork, Ozone Acquisition was not aware that Ehize was pregnant.

26. Ehize asked Ozone Acquisition to compensate her for her COVID-19 sick leave.

27. Ehize explained to Ozone Acquisition that she had spoken with New York's Department of Labor, who confirmed that Ehize was entitled to paid leave that she had not received.

### III. Ozone Acquisition Denies Ehize's Request for COVID-Leave Pay and Terminates Her Employment

28. Ozone Acquisition confirmed receipt of Ehize's positive COVID-19 test result but refused to compensate her for her COVID-19 sick leave.

29. On January 5, 2022, Ozone Acquisition asked Ehize about her health status by text message, and Ehize responded that she still had various symptoms but was improving.

30. On January 6, 2022, three days after Ehize disclosed her pregnancy and COVID-19 diagnosis, Ozone Acquisition's Administrator terminated her employment, claiming that she was no longer the "right fit" for Ozone Acquisition.

31. Ozone Acquisition never informed Ehize that she was not the right fit for Ozone Acquisition prior to her medical leave.

32. Ozone Acquisition never informed Ehize that she was not the right fit for Ozone Acquisition prior to her pregnancy disclosure.

33. Ozone Acquisition never informed Ehize that she was not the right fit for Ozone

Acquisition prior to her request that she be compensated as legally required for her COVID-19 medical leave.

34. On January 18, 2022, Ozone Acquisition's Nursing Director Rose Gilles emailed Ehize claiming that Ehize had not sent proof of a positive COVID-19 test.

35. Ehize had already sent proof of a positive COVID-19 test by email to Rose Gilles on January 3, 2022.

36. Ehize had already sent proof of a positive COVID-19 test by text message to Rose Gilles on or about December 30, 2021.

37. Before Rose Gilles sent the January 18, 2022 email, Ehize had already sent proof of a positive COVID-19 test by facsimile.

38. Ozone Acquisition confirmed receipt of Ehize's positive COVID-19 test.

39. Contracting COVID-19 during Ehize's pregnancy impacted, among other things, her ability to walk, stand, lift, bend, breathe, and concentrate.

40. On or about February 2, 2022, Ehize suffered a miscarriage.

41. That miscarriage resulted, at least in part, from the extreme stress caused by Ozone Acquisition's termination of her employment following her medical leave, pregnancy disclosure, and request for COVID-19 paid leave.

### FIRST CAUSE OF ACTION
**(Disability Discrimination in Violation of the ADA)**

42. Ehize repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

43. Defendant Ozone Acquisition has discriminated against Ehize on the basis of her disability and request for a reasonable accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Ehize has suffered disparate treatment as a result of

Ozone Acquisition's wrongful conduct.

44. Ehize is a disabled individual under the ADA and was perceived by Ozone Acquisition as being disabled, and she is therefore a member of a protected class.

45. Ehize was qualified to work as a staffing coordinator for Ozone Acquisition and satisfactorily performed the duties required by that position.

46. Ozone Acquisition subjected Ehize to an adverse employment action because of her disability, including, but not limited to, terminating her employment.

47. As a direct and proximate result of Ozone Acquisition's unlawful employment practices, Ehize has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

48. Defendant Ozone Acquisition's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Ehize, entitling her to punitive damages.

## SECOND CAUSE OF ACTION
**(Pregnancy Discrimination in Violation of Title VII)**

49. Ehize repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

50. Ehize's pregnancy qualified her as a member of a protected class.

51. Ehize disclosed her pregnancy to Ozone Acquisition.

52. Ozone Acquisition was aware and on notice of Ehize's pregnancy.

53. Three days after Ehize's pregnancy disclosure, Defendant Ozone Acquisition terminated her employment.

54. As a direct and proximate result of Ozone Acquisition's unlawful employment practices, Ehize has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

55. Ozone Acquisition's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Ehize, entitling her to punitive damages.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of the ADA and Title VII)

56. Ehize repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

57. Ehize requested and took medical leave due to her contracting COVID-19 while pregnant, which resulted in her hospitalization.

58. As set forth in detail above, Defendant Ozone Acquisition subjected Ehize to discrimination and adverse employment actions because of her actual and perceived disability and/or pregnancy in violation of Ehize's statutory and constitutional rights.

59. Ozone Acquisition was aware that Ehize opposed unlawful conduct and/or asserted her rights under the ADA and Tile VII, including but not limited to, her request for, and taking of, medical leave because of her disability and pregnancy disclosure.

60. Ozone Acquisition, unlawfully and without cause, retaliated against Ehize as a direct result of Ehize asserting her rights under the ADA and Title VII as someone with a disability or perceived disability, and someone who was pregnant. Ehize suffered materially adverse employment actions as a result.

61. As a direct and proximate result of Ozone Acquisition's unlawful employment practices, Ehize has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

62. Ozone Acquisition's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Ehize, entitling her to punitive damages.

63. Accordingly, Ozone Acquisition retaliated against Ehize in violation of her statutory rights as guaranteed by the ADA and Title VII.

**FOURTH CAUSE OF ACTION**
**(Disability Discrimination and Pregnancy Discrimination in Violation of the NYSHRL)**

64. Ehize repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

65. The aforementioned facts and circumstances demonstrate that Defendant discriminated against Ehize because of her disability and/or pregnancy.

66. Ehize is and/or was a pregnant, disabled individual under the NYSHRL and/or was perceived by Defendant as being pregnant or disabled, and she is therefore a member of protected classes.

67. Ehize was qualified to work as a staffing coordinator for Defendant and she satisfactorily performed the duties required by the position she held with Defendant.

68. As set forth in detail above and herein, Defendant discriminated against Ehize and subjected her to adverse employment actions, including, but not limited to, terminating her employment.

69. As a direct and proximate result of Defendant' unlawful employment practices, Ehize has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

70. Accordingly, Defendant discriminated against Ehize because of her disability, in violation of her statutory rights as guaranteed by the NYSHRL.

## FIFTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)

71. Ehize repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

72. As set forth in detail above, Ehize requested and took medical leave due to her contracting COVID-19 while pregnant, which resulted in her hospitalization.

73. Defendant retaliated by subjecting Ehize to discrimination and adverse employment actions because of her actual and perceived disability and/or pregnancy in violation of Ehize's statutory and constitutional rights.

74. Ozone Acquisition was aware that Ehize opposed unlawful conduct and/or asserted her rights under under the NYSHRL, including but not limited to, her request for, and taking of, medical leave because of her disability and pregnancy disclosure.

75. Ehize has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

76. Accordingly, Defendant retaliated against Ehize in violation of her statutory rights as guaranteed by the NYSHRL.

## SIXTH CAUSE OF ACTION
**(Disability Discrimination and Pregnancy Discrimination in Violation of the NYCHRL)**

77. Ehize repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

78. The aforementioned facts and circumstances demonstrate that Defendant discriminated against Ehize because of her disability and/or pregnancy.

79. Ehize is and/or was a pregnant, disabled individual under the NYSHRL and/or was perceived by Defendant as being pregnant or disabled, and she is therefore a member of protected classes.

80. Ehize was qualified to work as a staffing coordinator for Defendant and she satisfactorily performed the duties required by the position she held with Defendant.

81. As set forth in detail above and herein, Defendant discriminated against Ehize in the terms and conditions of her employment by treating Ehize less well than her similarly situated, non-disabled, non-pregnant coworkers.

82. Defendant subjected Ehize to an adverse employment action because of her disability and/or pregnancy, including, but not limited to, terminating her employment.

83. As a direct and proximate result of Defendant' unlawful employment practices, Ehize has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

84. Defendant' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Ehize, entitling her to punitive damages.

85. Accordingly, Defendant discriminated against Ehize because of her disability and/or pregnancy, in violation of her statutory rights as guaranteed by the NYCHRL.

## SEVENTH CAUSE OF ACTION
**(Retaliation in Violation of the NYCHRL)**

86. Ehize repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

87. As set forth in detail above, Ehize requested and took medical leave due to her contracting COVID-19 while pregnant, which resulted in her hospitalization.

88. Defendant retaliated by subjecting Ehize to discrimination and adverse employment actions because of her actual and perceived disability and/or pregnancy in violation of the NYCHRL.

89. Ozone Acquisition was aware that Ehize opposed unlawful conduct and/or asserted her rights under under the NYCHRL, including but not limited to, her request for, and taking of, medical leave because of her disability and pregnancy disclosure.

90. Defendant, unlawfully and without cause, retaliated against Ehize as a direct result of Ehize asserting her rights and/or opposing unlawful conduct under the NYCHRL, and Defendant's conduct is reasonably likely to deter an individual from engaging in such protected activity.

91. As a direct and proximate result of Defendant' unlawful employment practices, Ehize has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms, harm to her employability and earning capacity, and damage to her personal and professional reputation.

92. Defendant' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Ehize, entitling her to punitive damages.

93. Accordingly, Defendant retaliated against Ehize in violation of her statutory rights as guaranteed by the NYCHRL.

## EIGHTH CAUSE OF ACTION
**(Retaliation in Violation of the NYLL)**

94. Ehize's report of Defendant's failure to compensate her for her COVID-19 medical leave as required under New York law was protected activity under NYLL § 740.

95. The termination of Ehize's employment following her report constituted "retaliatory action" under NYLL § 740(1)(e).

96. As a direct and proximate result of Defendant's termination of Ehize's employment, she has suffered and continues to suffer damages, including lost earnings and emotional distress.

97. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Ehize, entitling her to punitive damages.

## RELIEF

Plaintiff Keshia Ehize demands judgment in her favor and against Ozone Acquisition as follows:

A. A declaratory judgment that the actions of Defendant complained of herein violate the ADA, Title VII, New York State Human Rights Law, and New York City Human Rights Law;

B. An injunction and order permanently restraining Defendant from engaging in any such further unlawful conduct;

C. An award of damages against Defendant, in an amount to be determined at trial, plus prejudgment interest, to compensate Ehize for all monetary and/or economic damages, including but not limited to past and future lost earnings;

D. An award of damages against Defendant, in an amount to be determined at trial, plus prejudgment interest, to compensate Ehize for all non-monetary and/or

compensatory damages, including, but not limited to, compensation for her emotional distress;

E. An award of punitive damages, in an amount to be determined at trial;

F. Prejudgment interest on all amounts due;

G. An award of Ehize's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Ehize demands a trial by jury on all issues so triable of right.

Dated: September 7, 2022                                Respectfully submitted,


/s/ Alex Rissmiller
Alex Rissmiller
5 Pennsylvania Avenue, 19th Floor
New York, NY 10001
T: (646) 664-1412
arissmiller@rissmiller.com

*Counsel for Plaintiff Keshia Ehize-Omoragbon*